HOWE, SHERIFF, *v.* STATE *ex rel.* PYNE.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

W. F. BARRY, JR., Assistant Attorney General, for plaintiff in error.

PHILLIPS & HALE, of Rogersville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The trial judge granted the writ of *habeas corpus* and upon hearing discharged the relator, William Pyne, from the custody of John H. Howe, Sheriff of Hawkins County. The question presented by the respondent's appeal is whether the judgment entered by JUDGE CAMPBELL March 10, 1934, suspending relator's sentence of imprisonment, was legally revoked by the judgment of JUDGE FERGUSON on March 7, 1935.

Relator entered pleas of guilty before JUDGE CAMPBELL upon three indictments for possessing intoxicating liquor, and the court, on March 7, 1935, adjudged:

"That the defendant for his said offense of possessing whiskey in three separate cases as charged in the indictments in accordance with the verdict of the jury, forfeit and pay to the State of Tennessee a fine of $100.00 in each case that he be confined in the County Jail, or work house of Hawkins County for a period of three months in each case, and that he pay all the costs of the cause for which let execution issue. For satisfactory reasons appearing to the Court the above sentence of three months in each case is suspended during good behavior of

the defendant. And in default of the defendant paying or securing the said fines and costs in each case the defendant is ordered confined in the County Jail or workhouse of Hawkins County until said fines and costs are fully worked out or until he is otherwise legally discharged.''

The fines and costs were paid by relator and he was allowed to go at large under the suspended sentence. On March 7, 1935, relator, who was under an appearance bond awaiting action of the grand jury, was again indicted for possessing intoxicating liquor. On that date the district attorney moved for a conditional forfeiture against relator and immediately afterward moved the court to order his arrest and imprisonment under the sentences imposed but suspended by the judgment of March 10, 1934.

Without other proceedings, than as above disclosed, JUDGE FERGUSON entered an order as follows:

''Upon motion of the Attorney General, on this March 7, 1935, and it appearing to the Court from the minutes of this Court that Willie Pyne has a suspended sentence of nine months on a charge of violating the liquor laws, which was suspended during his good behaviour; and that he has violated the terms of this suspended sentence; and that he should be made to serve said sentence of nine months; it is ordered that a *capias* issue for his arrest to the end that he serve said sentence in accordance with said judgment and sentence of this Court.''

The relator was accordingly taken into custody to serve the three suspended sentences aggregating nine months. It is suggested in the brief of the Attorney General that under section 11764 of the Code the three sentences are to be construed as concurrent in the absence of a specific direction in the original judgment. That

conclusion follows as a result of the wording of the statute and the ambiguity of the judgment. To make the sentences cumulative, it was necessary for the trial judge to so adjudge.

By the common law it was recognized that courts of criminal jurisdiction possessed inherent power to suspend sentences for a definite period, but the power to indefinitely suspend sentence as a reformatory measure, so it seems, was not recognized. *Spencer* v. *State,* 125 Tenn., 64, 140 S. W., 597, 38 L. R. A. (N. S.), 680.

The reason assigned forbidding such assumption of power by the court, among others, was that it invaded the executive function of granting pardons and paroles, and moreover subjected the prisoner to the whim and caprice of the judge. 8 R. C. L., 248. But statutes authorizing suspension of sentences and the release of defendants upon probation are generally recognized as the exercise of a judicial power not inconsistent with the power of the executive to grant pardons and paroles. 16 C. J., 1288; *State* v. *Abbott,* 33 L. R. A. (N. S.), 116, annotation.

In *State* v. *Zolantakis,* 70 Utah, 296, 259 P., 1044, 54 A. L. R., 1463, where the court exercised the inherent power under the common law to suspend sentence, it was held that the prisoner whose sentence was suspended during good behavior without any limitation could not be subsequently imprisoned without notice and a hearing according to recognized rules of judicial procedure. When the power to suspend sentence is exercised in conformity with statute, it is generally held that the requirements of the statutes are to be strictly observed.

By chapter 76, section 1, Acts 1931, courts of criminal jurisdiction in this State are authorized to suspend sentence in misdemeanor and petty felonies up-

on application of the defendant. Section 2 of the act limits the court's power to revoke the parole or period of probation to twelve months in misdemeanors and in felonies to a period equivalent to the maximum punishment that may be imposed by the judgment of the court. By this section power is conferred upon the judge to require the defendant to execute an appearance bond, or in the discretion of the judge, to require defendant to give personal recognizance without sureties for his appearance before the trial judge at any term, after five days' notice. Section 3 regulates exercise of the judge's power in revoking the parole. It provides:

"That whenever it shall come to the attention of the Trial Judge that any defendant whose sentence has been suspended and/or paroled shall have been guilty of any breach of the laws of this State or shall have been guilty of a breach of the peace or any other conduct inconsistent with good citizenship, the Trial Judge shall have the power in his discretion to cause to be issued under his hand a notice to the defendant whose sentence has been suspended and/or paroled which notice shall contain in brief form the nature of the charges made against such defendant and shall also require him to appear before the Trial Judge at some regular or special term of his court, which date for appearance shall be not less than ten (10) days from the execution of such notice. Upon the day fixed, the Trial Judge shall proceed to investigate the charges made against the defendant, and after a hearing at which the defendant may be present, may be represented by counsel and shall have the right to introduce testimony in his behalf thereon, the Trial Judge may enter such judgment upon the question of such charges as he may deem right and proper under the evidence

adduced before him. In case the Trial Judge shall find that the defendant has been guilty of a violation of some statute of this State or has been guilty of conduct inconsistent with good citizenship, the Trial Judge shall have the right by order entered upon his minutes to revoke the suspension of sentence and/or parole theretofore granted to the defendant, but in such cases of a revocation of such suspension and/or parole, the defendant shall have the right to appeal therefrom to the Supreme Court of this State by filing his bill of exceptions and motion for a new trial as now provided by law.''

In *State* v. *Zolantakis, supra*, 54 A. L. R., Note 1, page 1471, it is said:

''In nearly every jurisdiction wherein the question has been raised, it has been held that a convicted defendant, released under a suspended sentence, is entitled to notice and a hearing on the issue whether he has broken the conditions of the suspension of sentence, before the suspension may be revoked.''

Cases there cited, as well as others, support the proposition. The trial judge was without authority to revoke the relator's parole and enforce the suspended sentence without a notice and hearing according to the procedure prescribed by the foregoing section of the act.

We concur in the finding and conclusion of the trial court that the relator is illegally imprisoned under the *capias* issued without notice and a hearing as required by the act.

Affirmed.