In the Matter of ROBERT LEE THOMPSON, Minor.

(Filed 15 October, 1947.)

**1. Habeas Corpus § 8—**

No appeal lies from the order of the court in proceedings in *habeas corpus* to determine the custody of a minor child as between persons who had obtained control of the child with a view to adoption and welfare officers seeking control of the child to place him with members of his family, review being solely by *certiorari.*

**2. Habeas Corpus § 3—**

Proceedings to obtain control of a minor child between persons with whom the child had been placed for adoption and welfare officers seeking to place the child with his family is not a proceeding under G. S., 17-3, to set the infant free but is a proceeding to fix and determine the right of custody.

**3. Same: Clerks of Superior Courts § 7—**

Jurisdiction to determine the right of custody of an infant as between persons with whom the infant had been placed with a view to adoption and welfare officers seeking to place the infant with his family, is within the exclusive jurisdiction of the juvenile court, G. S., 110-21 (3), and writ of *habeas corpus* is inadvisedly issued by the Superior Court, but pending determination of the juvenile court, respondent should not surrender custody to a nonresident and no order should be entered until petitioners have had notice and an opportunity to be heard.

Application for writ of *habeas corpus* heard by *Sink, J.,* at the June Term, 1947, Wilkes, here under writ of *certiorari* issued on petition of the respondent.

Robert Thompson is an infant 5 years of age. His father is dead. His mother, a resident of West Virginia, on or about 3 January 1946, left him with J. A. Nelson and wife, Stella Faye Nelson, the petitioners, and executed written consent to the adoption of said infant by said petitioners. No further proceedings have been had looking to his adoption. The child was placed in the home of T. N. Royal, grandfather of *feme* petitioner, where it remained until 9 August 1946. On that date respondent Charles C. McNeill, welfare officer of Wilkes County, at the request of the welfare officers of West Virginia, took custody of the infant for the purpose of delivering him to the said authorities to be placed with members of his family.

The court below awarded custody of said infant to petitioners and respondent appealed.

*Ralph Davis and W. H. McElwee for petitioner appellees.*
*F. J. McDuffie for respondent appellant.*

Barnhill, J. The petitioners filed in this Court written motion to dismiss the appeal for the reasons therein stated. The motion was allowed and the appeal dismissed for that in such cases no appeal lies. *In re Holley,* 154 N. C., 163, 69 S. E., 872; *In re Croom,* 175 N. C., 455, 95 S. E., 903; *S. v. Burnette,* 173 N. C., 734, 91 S. E., 364.

The respondent petitioned for writ of *certiorari* to bring the proceeding and the judgment below before this Court for review. The petition was allowed and the cause is here under said writ.

The petitioners insist that this proceeding was instituted under G. S., 17-3. This contention is not supported by the record. They allege in their petition that they "have a claim to the custody of the child" and "are entitled to its custody" and pray that the Court "inquire into the right to the custody of said minor child and that . . . such custody be awarded to them." On the hearing in the court below the court adjudged "that the petitioners are lawfully entitled to retain custody of said Robert Lee Thompson pending the further orders of this Court . . ." and so ordered. Clearly then it is not a proceeding to set the infant free but to take the child from one restraint and place him under another. It is a proceeding to fix and determine the right of custody of an infant.

The State, with a fixed purpose to protect with jealous care the general welfare of infants of tender age, has decreed that, except in certain specific instances, matters, either civil or criminal, affecting the welfare or custody of children under 16 shall be heard and determined in a special

branch of the Superior Court created and maintained for that purpose. To that end the General Assembly created the juvenile courts of North Carolina and vested them with exclusive original jurisdiction of any case, within the classifications therein specified, of a child less than 16 years of age residing in or being at the time within their respective districts. Ch. 97, P. L. 1919, as amended, now G. S. Ch. 110, Art. 2. This exclusive original jurisdiction includes cases in which the custody of an infant is the subject of controversy. G. S. 110-21 (3).

The writ of *habeas corpus* was inadvisedly issued. *In re McGraw, ante,* p. 46. The controversy is one for the juvenile court of Wilkes County to decide. To that end the court below should remand the cause to that court for further proceedings.

Pending a hearing in the juvenile court the respondent should not surrender custody of said infant to a nonresident, and no order should be entered until petitioners have had notice and an opportunity to be heard.

The judgment below is

Reversed.