STATE v. CROFT.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

NAT TIPTON, Assistant Attorney General, for the State.

EUGENE J. BRYAN, of Chattanooga, for respondents.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The jury found James Croft, the respondent here, guilty of voluntary manslaughter in the killing of Eddie Thomas, and fixed his punishment at confinement in the penitentiary for not more than three years. After Croft's motion for a new trial was overruled, he filed a petition for parole under the supposition that Section 11802.1 of the Code Supplement authorized the Trial Judge to grant such parole. The Trial Judge was of the same opinion; therefore, paroled him. The State, being of the opinion that this code section did not authorize this parole, excepted, and prayed an appeal. It has, however, filed a petition for certiorari seeking an adjudication voiding the parole order.

Section 11802.1 authorizes Trial Judges under the conditions therein stated to parole defendants convicted of a misdemeanor or "of any felony, the maximum punishment for which does not exceed five years' confinement in the state penitentiary". The maximum punishment which may be imposed for the offense of voluntary manslaughter is ten years. Hence, so the State insists, Section 11802.1 does not empower the Trial Judge to parole a person convicted of voluntary manslaughter.

The construction placed upon Section 11802.1 by the Trial Judge, and insisted upon by respondent Croft, is that the maximum punishment fixed by the jury for the felony committed, rather than the maximum punishment allowed by law for the offense committed, determines the authority of the Trial Judge to grant a parole. Therefore, it is insisted by respondent that the Trial Judge had the authority under this code section to grant Croft a parole, since the maximum punishment fixed by the jury was three years.

The pertinent language of 11802.1 is as follows:

"Defendant shall include any person convicted of a misdemeanor or convicted of any felony, the maximum punishment for which does not exceed five years' confinement in the state peniteniary".

There are a number of felonies for which the applicable statute fixes a minimum punishment of more than five years. As to such a felony the maximum punishment which a jury may fix will necessarily be more than five years, because the minimum allowed is more than five years. Second degree murder is an illustration. The minimum punishment for that offense is ten years. No parole could be granted for the commission of one of those felonies under the authority of 11802.1 because,

in any view of the matter, the power to parole does not exist where the maximum punishment exceeds five years. This fairly indicates that when the Legislature enacted Section 11802.1 its purpose was to classify or define the felonies for which a parole might be granted, and defined them as being those felonies for which a maximum punishment of not more than five years is fixed by law. That is the construction which this Court placed on that code section in *Howe v. State ex rel. Pyne,* 170 Tenn. 571, 574-575, 98 S. W. (2d) 93, 94. There the Court said:

"By chapter 76, section 1, Acts 1931 [Code 11802.1], courts of criminal jurisdiction in this State are authorized to suspend sentence in misdemeanor and *petty* felonies upon application of the defendant." (Emphasis supplied.)

There are a number of felonies which cannot be logically classified as "petty", but as to which the minimum punishment allowed by law is less than five years and the maximum more than five years. For instance, arson is punishable by a penitentiary sentence of not less than one year nor more than twenty-one years, Code 10893. Arson cannot be considered a petty felony. Therefore, under the language used by the Court in the Howe case, supra, arson is a felony for the commission of which a convicted defendant could not be paroled though the jury is empowered under the statute to fix a maximum sentence of less than five years, if it so elects.

The Court in the Howe case was not considering the question with which we are now dealing. However, the Court's statement in that case to the effect that Code Section 11802.1 was for the purpose of empowering trial courts to suspend sentence in "petty" felony cases is a clear indication that the Court construed this section

as meaning that the particular felony committed, rather than the amount of punishment inflicted by a jury, determined the authority of the trial judge to suspend the sentence or grant a parole in a given case.

No analysis of Code Section 11802.1 can eliminate the fact that in its enactment the Legislature intended to withhold from the trial judge the authority to grant paroles in a certain class of felonies while granting such authority in a different class. If that be true, as it necessarily is, then it became further necessary for the Legislature in some way to define the felonies as to which the power to parole was to be granted. It is equally clear that the legislative intent was to withhold the power of parole when the offense committed was a major felony. The relative or comparative seriousness of different felonies, legally speaking, can be determined only by the maximum punishment which may be inflicted by law for the commission of such felonies. Therefore, in determining the felonies as to which the power to parole was to be granted, as distinguished from those as to which this power was to be withheld, the maximum punishment which could be inflicted had to be the yardstick which was to be used unless the statute was to specify by name each felony as to which the power to parole was to be granted. These facts require the conclusion that when Code Section 11802.1 provided that trial judges should have the authority to parole an individual convicted of "any felony, the maximum punishment for which does not exceed five years' confinement in the state penitentiary" it meant to define the felonies for which the trial judge might grant a parole as being those felonies for the punishment of which no sentence in excess of five years could be imposed lawfully.

Croft was convicted of voluntary manslaughter. The maximum punishment which may be inflicted for that felony is ten years. Thus, the trial judge had no authority under Code Section 11802.1 to parole Croft. Accordingly, the order purporting to do so is void.

Respondent refers to *Letner* v. *State*, 156 Tenn. 68, 299 S. W. 1049, 55 A. L. R. 915, as a decision supporting his aforestated insistence. That case, insofar as it discussed paroles, was dealing only with the question of when the defendant became subject to parole under the indeterminate sentence law. It did not touch upon the question we have determined in this case.

The writ is granted, the judgment of the lower Court will be modified so as to eliminate therefrom the order paroling Croft. As so modified the judgment is affirmed. The costs of the proceedings in this Court will be adjudged against Croft.