HAROLD RUSSELL SHUM, APPELLANT, v. JACK FOGLIANI, WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5047

April 22, 1966                    413 P.2d 495

*Roger L. Erickson,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *John G. Spann,* Deputy Attorney General, of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order denying post conviction relief on a petition for habeas corpus. The petitioner had pleaded guilty to the crime of embezzlement. Sentence was imposed, its execution suspended, and the petitioner placed on probation. He was later brought before the court for having violated the conditions of probation. Probation was revoked and the petitioner imprisoned.

The issue in this habeas proceeding is whether the petitioner should be released from prison because he was not represented by counsel when brought before the court on the proceeding to revoke his probation. The petitioner is an indigent. We rule that a court need not appoint counsel for an indigent on a proceeding to revoke probation, and affirm the order below.

The extraordinary remedy of habeas corpus is appropriate to test the legality of a conviction which is challenged on constitutional grounds. Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965). Here, of course, the constitutionality of the underlying conviction is not questioned. The petitioner's guilt of the underlying crime was constitutionally established. On a proceeding to revoke probation, the court is not concerned with the probationer's guilt or innocence of the underlying crime. Rather, its sole concern is whether the privilege of probation should be revoked because of the failure to meet the conditions imposed. And, if revocation is ordered, the sentence he is required to serve is punishment for the underlying crime rather than for his failure to comply with the terms of probation. Brown v. Warden, U.S. Penitentiary, 351 F.2d 564 (7th Cir. 1965). For these reasons, decisions regarding the federal constitutional right to counsel at various stages of a criminal prosecution are not controlling. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In the cases just cited, the denial of counsel was deemed to have destroyed the validity of the conviction. That consideration is not present on a proceeding to revoke probation.

In the federal law, probation is a privilege granted by Congress. The source of the probationer's privilege is to be found in the Federal Probation Act. One convicted of crime is not given a right to probation by the

federal constitution. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932) ; Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935) ; Brown v. Warden, U.S. Penitentiary, supra; Welsh v. United States, 348 F.2d 885 (6th Cir. 1965) ; United States v. Huggins, 184 F.2d 866 (7th Cir. 1950) ; Gillespie v. Hunter, 159 F.2d 410 (10th Cir. 1947) ; Bennett v. United States, 158 F.2d 412 (8th Cir. 1946). Accordingly, the rights of an offender in a proceeding to revoke his conditional liberty under probation or parole are not coextensive with the federal constitutional rights of one accused in a criminal prosecution. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963) ; Richardson v. Markley, 339 F.2d 967 (7th Cir. 1965) ; Brown v. Warden, U.S. Penitentiary, supra.

We think that the same reasoning applies to probation in Nevada. One convicted of crime is not given a right to probation by the Constitution of Nevada. Art. 5, § 14, empowers the legislature to "pass laws conferring upon the district courts authority to suspend the execution of sentences, fix the conditions for, and to grant probation, and within the minimum and maximum periods authorized by law, fix the sentence to be served by the person convicted of crime in said courts." In line with that authority, the legislature provided for probation. The probationer's rights, therefore, must be found within the legislative expression and not elsewhere. Cf. Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960), where we held that parole was not a constitutional right but, rather, a right bestowed by legislative grace; Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965), wherein we intimated as much with regard to probation. New Mexico has ruled otherwise, expressing the view that due process requires that an indigent probationer be furnished counsel. Blea v. Cox, 75 N.M. 265, 403 P.2d 701 (1965). Though that point of view has appeal, we cannot accept it. Probation is a privilege legislatively given, and without constitutional implications. One is not deprived of his liberty without due process of law when he has pleaded guilty to the charge against him and does not question the validity of his conviction. He

might have been imprisoned forthwith. By reason of legislative provision, he was afforded an opportunity to gain conditional liberty on probation. People v. Dudley, 173 Mich. 389, 138 N.W. 1044 (1912). Neither the federal constitution nor the Nevada constitution contains a specific provision designed to safeguard the rights of a convicted defendant whose case has become res judicata. As we find no federal or state constitutional right to counsel in a proceeding to revoke probation, we turn to consider whether such a right is given by statute.[1]

The statutory command is that the court "shall cause the defendant to be brought before it." Counsel is not

[1]The pertinent statutes read: NRS 176.300(1), "Whenever any person has been found guilty in a district court of the State of Nevada of a crime upon verdict or plea, the court, except in cases of murder of first or second degree, kidnaping, robbery or rape, other than statutory rape, may by its order suspend the execution of the sentence imposed and grant such probation to the convicted person as the judge thereof shall deem advisable. The court may grant probation to a person convicted of the infamous crime against nature or of lewdness only if a certificate of a psychiatrist, as required by NRS 201.190, 201.210 or 201.230, is received by the court."

NRS 176.330(1), "The period of probation or suspension of sentence may be indeterminate or may be fixed by the court and may at any time be extended or terminated by the court. Such period with any extensions thereof shall not exceed 5 years."

NRS 176.330(2), "At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Any parole and probation officer or any peace officer with power to arrest may arrest a probationer without a warrant, or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the parole and probation officer, violated the conditions of probation. The parole and probation officer, or the peace officer, after making an arrest shall present to the detaining authorities a statement of the circumstances of violation. The parole and probation officer shall at once notify the court of the arrest and detention of the probationer and shall submit a report in writing showing in what manner the probationer has violated the conditions of probation. Thereupon, or upon an arrest by warrant as herein provided, the court, or such other court to which the case may have been assigned, shall cause the defendant to be brought before it, and may continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed."

expressly provided for and funds have not been appropriated for counsel if the probationer is destitute. Cf. Hoffman v. State, 404 P.2d 644 (1965), where the Alaska Supreme Court held that equal protection required appointment of counsel for an indigent to avoid discrimination on the ground of poverty where the state statute specifically provided for right to counsel on proceedings for revocation of probation. In Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), Justice Cardozo stated the aim of a revocation hearing under the federal act which required the probationer to "be taken before the court" for the district having jurisdiction over him. He wrote: "* * * there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper." A trial in the formal sense is not required. The inquiry to which the court referred in Escoe v. Zerbst, supra, is conducted by the court. This, we think, is likewise the kind of an inquiry contemplated by the Nevada statute. Accord: Thomas v. Maxwell, 175 Ohio St. 233, 193 N.E.2d 150 (1963) ; People v. Hamilton, 263 N.Y.S.2d 658 (1965) ; Kennedy v. Maxwell, 176 Ohio St. 215, 198 N.E.2d 658 (1964). Though it may be desirable for the legislature to provide for counsel to represent probationers, it has not done so. As probation is a matter of legislative grace, we are not at liberty to add requirements.

Affirmed.

ZENOFF, D. J., concurs.

WINES, D. J., dissenting:

The petitioner was convicted upon a plea of guilty to the felony of embezzlement on November 5, 1963, in the Second · Judicial District Court of the State of Nevada, in and for the County of Washoe. Thereafter, the petitioner was sentenced to a term of 2 to 14 years in the Nevada State Prison, but the sentence was suspended and the petitioner admitted to probation.

Prior to October 9, 1964, the petitioner was arrested on a warrant charging him with a violation of the terms

and conditions of his probation. A probation revocation hearing was held on October 9, 1964. The petitioner was present at the hearing and, although the record does not reflect this, he requested the assistance of counsel from the court. Petitioner's allegation to that effect in his petition was not denied by the respondent in his return and the issues argued in the district court assumed this to be true. This is also true of the briefs and oral arguments to this court.

The assistant district attorney and petitioner's probation officer were present at the hearing, and the probation officer "presented a probation report to the Court." Counsel for the state approved the report and stated that the petitioner's probation should be revoked. The court, without hearing from the petitioner, ordered that the probation be revoked and that the sentence theretofore imposed be executed. The petitioner's writ of habeas corpus, addressed to the First Judicial District Court, was denied and the petitioner has appealed to this court.

The issues before this court are: (1) Does our statute, NRS 176.330, subsection 2, require notice and a hearing to a probationer when revocation is being considered? (2) At such a hearing should the court hear from the probationer? (3) Is the petitioner entitled to the assistance of counsel, and if he is an indigent should the court, upon his request, appoint counsel to represent him?

We begin with this proposition. In Nevada, as in other jurisdictions, there is no constitutional right to parole or probation. It is a statutory right gained through legislative grace. Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960); Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569 (1937); Pagano v. Bechly, 211 Iowa 1294, 232 N.W. 798 (1930); People v. Dudley, 173 Mich. 389, 138 N.W. 1044 (1912); State ex rel. Jenks v. Municipal Court of City of St. Paul, 197 Minn. 141, 266 N.W. 433 (1936); In re Weber, 75 Ohio App. 206, 61 N.E.2d 502 (1945). If constitutional rights are not involved, the probationer has only those rights the legislature grants him. Burns v. United States, 287 U.S. 216, 53 S.Ct. 54, 77 L.Ed.

266 (1932). The judiciary has recognized that the granting, denying, or revoking of probation are matters of judicial discretion and that the judge cannot act capriciously or arbitrarily. Hughes v. State, 137 N.W.2d 439 (Wis. 1965). Originally then, the rights of the probationer are found in the legislative policy enunciated in the statute.

Uniformity has not been a criterion when adopting a policy, as the legislation in several of our states illustrates this. Some states provide for notice and hearing before revocation; other jurisdictions dispense with notice and hearing; and other statutes contain no expression on the subject. For a discussion of the policies and practices of the various states see the annotation in 29 A.L.R.2d 1074. Despite repetition of the principle that a state is free to adopt any one of these policies, the courts continue to discuss notice and hearing in terms of constitutional procedural due process. Due process in that sense is not involved herein. Rather, it is the due process found in the statute covering revocation.

The policy adopted by the legislature in this state is found in NRS 176.330(2). The statute reads that, upon the execution of the warrant for arrest, the probation officer "shall present to the detaining authorities a statement of the circumstances of violation." The officer next informs the court of the arrest and submits a report, in writing, describing in what manner the probationer has violated the conditions of the probation. "Thereupon * * * the Court * * * shall cause the defendant to be brought before it, and may continue or revoke the probation or suspension of sentence and may cause the sentence imposed to be executed."

This court has been asked by the respondent not to attempt a definition of the intent of the legislature. I do not find the language baffling in that degree nor is this court without aids.

It is self evident that in this statute the legislature implemented a policy. Statutes of identical or similar language have been construed by the courts of other jurisdictions. I am mindful, too, that when a state

adopts a statute of another state it is presumed that the legislature intended not only to adopt the statute but also the construction placed on that statute by judicial decision. Snyder v. Garrett, 61 Nev. 85, 115 P.2d 769 (1941) ; Ex parte Sullivan, 65 Nev. 128, 189 P.2d 338 (1948).

It is not our function to say what we think the policy ought to be. It is our duty to follow the statute as written.

My research has disclosed that there are four states in which the right to notice and hearing on revocation of probation has been deemed a constitutional right. These are: Ex parte Lucero, 23 N.M. 433, 168 P. 713 (1917) ; State v. Zolantakis, 70 Utah 296, 259 P. 1044 (1927) ; Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947), dictum. A number of the cases cited in the annotations appearing in 54 A.L.R. 1471, 60 A.L.R. 1420, 132 A.L.R. 1248 and 29 A.L.R.2d 1074, support the proposition that notice and hearing are prerequisites to revocation, not because of constitutional guarantees, but because that is the policy enunciated by the legislature in its statute. See People v. Enright, 332 Ill.App. 655, 75 N.E.2d 777 (1947) ; Blusinsky v. Commonwealth, 284 Ky. 395, 144 S.W.2d 1038 (1940) ; People v. Myers, 306 Mich. 100, 10 N.W.2d 323 (1943) ; People v. Hill, 164 Misc. 370, 300 N.Y.S. 532 (1937) ; State v. Burnette, 173 N.C. 734, 91 S.E. 364 (1917) ; State ex rel. Vadnais v. Stair, 48 N.D. 472, 185 N.W. 301 (1921) ; Howe v. State, 170 Tenn. 571, 98 S.W.2d 93 (1936) ; In re Hall, 100 Vt. 197, 136 A. 24 (1927). A failure to give notice and hearing according to the ordinary standards of acceptable procedure may constitute reversible error. People v. Hodges, 231 Mich. 656, 204 N.W. 801 (1925) ; Sellers v. State, 105 Neb. 748, 181 N.W. 862 (1921) ; Slayton v. Commonwealth, 185 Va. 357, 38 S.E.2d 479 (1946).

The legislature was free to adopt a policy directing notice and a hearing or it could deny them to the probationer. I think the policy adopted was that notice and hearing are prerequisites to revocation. It borders on the absurd to assume that the elaborate procedures set out in our statute were intended to assure the physical presence of the probationer and then have him stand

mute. The policy adopted contemplates that the probationer is entitled to a court hearing on the issue of revocation, where he shall hear the charges against him and have an opportunity to challenge them.

If this hearing is to be effective as contemplated by our statute, the probationer should have the assistance of counsel. If he is indigent and takes issue with the charges against him, should the court appoint counsel to assist him and order a "full dress" hearing? Two considerations persuade us that the court ought to appoint counsel. First, I cannot conceive the legislature adopting a policy with no intent that it be implemented. There is no purpose served in having a probationer appear before the court unless that appearance affords an opportunity to refute the charges. To do this effectively the assistance of counsel is often indispensable. Secondly, the judicial conscience twinges when the charge is laid that the man of means is favored in our courts. The practical effect of any other rule is that unless the court intercedes on behalf of the indigent he is helpless. If it be suggested that the judge act "inquisitor to carry the probe deeper," it should be remembered that the judges are required by law not to practice advocacy. Further, the courts agree that the inquiry should be judicial in character.

This court knows nothing of the merits of the charges made against the petitioner here, but apparently he was intent on refuting the charges. He should have had an opportunity to challenge them with the assistance of counsel.

Since the revocation of his suspended sentence and probation, the petitioner has served some 18 months of a 2 to 14 year sentence. Because of one mishap or another, the petitioner has been delayed in presenting his writ. Due to these circumstances, I would order the writ made permanent and the petitioner discharged.