STATE of Tennessee, Petitioner,

v.

Phil Michael CLAYTON and Larry Ronald Watkins, Respondents.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1971.

On Petition to Rehear Jan. 20, 1972.

Certiorari Denied as to Watkins by Supreme Court May 1, 1972.

David M. Pack, Atty. Gen., Nashville, Leland M. McNabb, Asst. Dist. Atty. Gen., Memphis, for petitioner.

Robert I. Livingston, and Jay Fred Friedman, Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

We granted certiorari to review the action of the trial judge in suspending five years of a five- to ten-year sentence for robbery in this case. The state contends that the trial judge was without authority to suspend a sentence for robbery, the

maximum of which is fixed by the statute at 15 years' imprisonment and further that he had no power to suspend a part only of any penitentiary sentence. We hold that the trial judge had no jurisdiction to suspend a sentence for robbery.

During the defendants' trial for armed robbery, they changed their pleas to guilty of robbery, waived the jury and were sentenced to indeterminate sentences of five to ten years in the penitentiary. On their application, the trial judge suspended five years of these sentences and ordered the sentences served in the Shelby County Penal Farm. The state objected.

This question is controlled by State v. Croft, 194 Tenn. 554, 253 S.W.2d 748 (1952). Since that time, T.C.A. § 40–2901 has been amended to authorize the trial judge to suspend a sentence for offenses the maximum of which does not exceed ten years rather than five years at the time of *Croft*. The principles are the same.

In *Croft* the court held that the trial judge had no authority to parole a person convicted of voluntary manslaughter even though the maximum fixed by the jury in that case was three years. This statute as now amended defines the felonies for which a trial judge may grant a parole as being those felonies for which no sentence in excess of ten years could be imposed lawfully.

Clayton and Watkins were convicted of robbery. The maximum punishment which may be inflicted for that felony is 15 years. Thus, the trial judge had no authority under T.C.A. § 40–2901 to parole them of all or any part of their sentences. Accordingly, the order purporting to do so is void.

The petition is sustained; the judgment of the lower court will be modified so as to eliminate therefrom the order paroling Clayton and Watkins and to reinstate the order sentencing them to the state penitentiary for 5 to 10 years. As so modified, the judgments are affirmed. The costs of the proceedings in this court will be adjudged against Clayton and Watkins.

RUSSELL and O'BRIEN, JJ., concur.

## ON PETITION TO REHEAR

WALKER, Presiding Judge.

By his petition to rehear, Watkins, one of the respondents, contends we overlooked his claim that T.C.A. § 40–2901 is so vague and ambiguous as to be unconstitutional.

We also overrule this contention. We consider its meaning clear and that its construction has been well defined by the Supreme Court in State v. Croft, cited in our original opinion.

The petition to rehear is denied. Rule 32 of this court and the Supreme Court.

RUSSELL and O'BRIEN, JJ., concur.