IN RE WILLIAM F. McKENNA.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and
MILES, JJ.

Opinion filed May 21, 1906.

*Prisoners—Term of Imprisonment—Reduction by Good Beha-
vior—Forfeiture—V. S. 5274.*

The deduction of time for good behavior allowed a prisoner in the
state prison pursuant to V. S. 5274, is not forfeited by a breach
of a subsequent conditional pardon.

When a prisoner who has been at large on a conditional. pardon is
recommitted to serve the remainder of his term, the time he has
been so at large is not to be treated as time served on his sentence.

HABEAS CORPUS returnable at Montpelier in Washington
County before *Rowell*, C. J., and by him duly adjourned into
the Supreme Court at its May Term, 1906, and heard at that
term.

*Charles Batchelder* for the relator.

*Clarke C. Fitts*, Attorney General, for the respondent.

MUNSON, J.  The relator was committed to the state
prison March 16, 1905, under a sentence of imprisonment
for a term of not more than fifteen months and not less than
twelve months.   January 25, 1906, he was released from con-
finement on accepting a conditional pardon, which provided
that upon a violation of its conditions the pardon should become
void, and he be returned to his former condition of custody to
serve the remainder of his term.   During this confinement
his behavior was such that he was allowed five days on each

month in reduction of his sentence, pursuant to V. S. 5274. March 15, 1906, he was returned to the state prison to serve the remainder of his term, upon an order of recommitment which recited a violation of the conditions of his pardon. The relator claims that his present detention is unlawful because of the expiration of his sentence.

We do not consider it necessary to discuss the questions raised by the petition. The subject of conditional pardons was examined by the judges in preparing a reply to inquiries submitted by the Governor in 1901, and the results of their examination will be found in *Re Conditional Discharge of Convicts,* 73 Vt. 414, 51 Atl. 10.

The sentence is for the maximum term, and the allowance for good behavior is to be deducted from the maximum term. The deduction allowed for good behavior previous to the conditional pardon is not forfeited by the breach of the conditions of the pardon, but stands to the credit of the prisoner in the final computation of his sentence. When a prisoner who has been at large on a conditional pardon is recommitted to serve the remainder of his term, the time he has so been at large is not to be treated as time served on his sentence. The remainder of the term to be served on recommitment is that part of the term that remained unexpired at the time he was set at large by the conditional pardon.

*Relator remanded.*