IN RE JOSEPH DE PALO.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

*Fred A. Jones* (of Lebanon, N. H.), and *Burton E. Bailey* for the relator.

*George L. Hunt* for the State.

MOULTON, J. This is a petition for a writ of *habeas corpus* The relator is confined in Washington County jail, held there by virtue of an executive warrant dated September 8, 1925, signed ʹ by the Hon. Franklin S. Billings, at that time Governor of this · State.

The relator was confined in the House of Correction under a sentence of from 6 to 18 months for the offense of neglecting his children. On April 28, 1925, Governor Billings granted him a conditional pardon, to become effective May 17, 1925. The relator accepted the provisions of the pardon and was released. On September 8, 1925, and during the term of the sentence, Governor Billings became convinced that the relator had violated the terms of the conditional pardon, and issued the executive warrant to which we have referred. Efforts were made to find the relator, but without success, and he was finally apprehended on January 3, 1929.

The relator was not, as he claims in his brief, placed on probation. The record shows that he was conditionally pardoned, which is a very different thing. *In re Hall*, 100 Vt. 197, 202, 136 Atl. 24.

The relator contends that the maximum parole period of a prisoner automatically expires by operation of law at the time of termination of the maximum sentence, unless prior thereto he has been apprehended for violation of the terms of the conditional pardon, or is a fugitive from justice where service cannot be had. But this is not so. The time in which

the convict has been at large under such conditional pardon is not to be treated as time served upon his sentence. *In re McKenna,* 79 Vt. 34, 35, 64 Atl. 77; *In re Hall, supra,* at page 203 of 100 Vt. (136 Atl. 24).

▇ To the conditional pardon, signed by the Governor, is appended an acceptance signed by the relator. Underneath this, and at the bottom of the page, is the notation "Parol period expires June 12, 1926." This is relied upon as showing that the terms of the pardon were of no effect after this date. But this notation is no part of the conditional pardon. It is to be construed only as a memorandum of the date of termination of the parole on the assumption that the terms thereof had been complied with.

The relator contends, and has introduced evidence tending to show, that at some time during June, 1926, he received a letter from the department of public welfare, signed by the commissioner, which notified him that his term of parole was completed and that he was released from the terms of his pardon. The letter has not been produced, but the relator testified that he gave it to a Miss Muriel Foley, and she said that she put it in her trunk, from which it mysteriously disappeared. Others testified to seeing and reading the letter. On the other hand, the then commissioner of public welfare testified to the absence of any record of the letter, or any copy of it, and that he could not have done such a thing without making a record of it. On the evidence, we fail to find that such a letter was sent or received.

▇ But even if it had been done, it would have been of no effect. The pardoning power is with the Governor. Const. Vt. Ch. II, § 20. It is his constitutional prerogative to issue conditional pardons. *In re Conditional Discharge of Convicts,* 73 Vt. 414, 420, 51 Atl. 10, 56 L. R. A. 658. It necessarily follows that he alone has the power to release a convict from the condition imposed in granting such pardon. By No. 203, Acts 1919, it is provided that:

"Until a person to whom such conditional pardon is granted is excused from the performance of the conditions thereof, the Governor shall have all the authority, rights and powers over and in relation to such person which he would have if he were surety in the case upon the recog-

nizance of such persons before conviction, and he shall be the sole and exclusive judge as to whether the conditions of such pardon have been violated.''

Thus, in the eye of the law, the conditionally pardoned convict is looked upon as being constantly in the custody of the Governor, who is regarded as his jailer and has ''him always as it were upon a string that (he) may pull at' pleasure.'' Worthen v. Prescott, 60 Vt. 68, 72, 11 Atl. 690, 693. Whether the statute above quoted is more than declaratory of the Governor's constitutional powers in this regard, we have no occasion to consider.

■ ■ The department of public welfare has no authority to release the convict from the terms of the pardon. There is no evidence that the claimed letter was written at the direction, or even with the knowledge of the Governor. The power and discretion involved herein cannot be delegated. It resides, as we have seen, in the Governor alone.

For this reason the claims of the relator as to the receipt of the letter, and as to the fact that he received no notice from the department of public welfare or otherwise of any violation of the terms of his pardon are entirely without legal significance.

It is claimed that the executive warrant had become invalid by lapse of time between its date and the service of it upon the relator. An analogy is drawn between this situation and the statute of limitations applying to the commencement of criminal action.

The fact that, at the time of service, the term of office of Governor Billings had expired, does not affect the validity of the warrant. There is no statute governing the matter. It appears to be claimed by the relator that unless served within a reasonable time and at the first opportunity offered, the warrant became void. Assuming, but not deciding that this position is sound, the answer is that, on the evidence, we are not able to find that this situation has arisen. It sufficiently appears from the transcript and exhibits that various unsuccessful efforts were made, from time to time, to find and apprehend the relator. He introduced evidence, it is true, to the effect that he was within the jurisdiction during the time; but this is not conclusive. We cannot say, under these circumstances, that a reasonable time

had elapsed, or that there had been neglect or laches on the part of the executive department, or the sheriff or other peace officers.

*Judgment that the relator is not unlawfully restrained of his liberty, and he is remanded to his former custody; and his petition is dismissed with costs; including the costs of the commissioner appointed to take the testimony.*