IN RE GLENN PARKER.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*Searles & Graves* for the petitioner.

*Sterry R. Waterman,* State's attorney, for the State.

THOMPSON, J. This is a petition for a writ of *habeas corpus* brought to one of the Justices of the Supreme Court and adjourned by him into the Supreme Court, May Term, 1935.

The petitioner, Glenn Parker, alleges that he is illegally detained and restrained of his liberty by Frederick A. Flint, of St. Johnsbury, in the County of Caledonia, sheriff of Caledonia County, within the prison in the common jail at St. Johnsbury.

No evidence was taken in support of the petition. The parties stipulated and agreed that the case should be heard upon the record and proceedings in the Caledonia municipal court in the case of *State* v. *Glenn Parker,* as shown by the

docket entries, the original papers, a certified transcript of the stenographic minutes of the official court reporters at the hearing before that court relative to an alleged breach of probation by the petitioner, the exhibits received at said hearings, together with the records of the State probation officer in the case.

It fairly appears from the brief of the petitioner that he desires us to review the judgment of the court below that the petitioner had violated the conditions of his probation. We cannot do that in this proceeding. It is well settled that a writ of *habeas corpus* cannot be given the effect of a writ for the correction of errors and irregularities. The proceedings under review, however irregular they may have been, will withstand the writ if the court whose action is assailed has jurisdiction of the subject matter and the person, and renders such a judgment or makes such an order as it is authorized to render or make in that class of cases. *In re Blake,* 107 Vt. 18, 175 Atl. 252; *In re Dawley,* 99 Vt. 306, 314, 131 Atl. 847; *In re Fitton,* 68 Vt. 297, 300, 35 Atl. 319; *In re Hook,* 95 Vt. 497, 503, 115 Atl. 730, 19 A. L. R. 610; *In re McAllister,* 97 Vt. 359, 123 Atl. 207. The writ challenges the jurisdiction alone, but the inquiry is not confined to the jurisdiction over the subject matter and the person, but extends to the jurisdiction to render the particular judgment. *In re Turner,* 92 Vt. 210, 214, 102 Atl. 943. In our examination of the record of the proceedings in the court below, we confine ourselves to an ascertainment of the facts which are material to the jurisdictional questions raised by the petitioner.

The following material facts appear from that record: On January 22, 1934, the petitioner was convicted by the Caledonia municipal court of the crime of possessing intoxicating liquor. He was sentenced to pay a fine of $750 and costs, which were paid. He was also sentenced to the house of correction at hard labor for the term of not less than six months nor more than one year. The sentence to the house of correction was suspended by the court and he was placed on probation for the period of one year under certain conditions.

On December 29, 1934, the State probation officer, in accordance with the provisions of P. L. 8882, made complaint to Caledonia municipal court, setting forth that he believed that the petitioner, since so being placed on probation, had not kept

and performed the conditions thereof in accordance with the order of said court.

On December 30, 1934, said municipal court, in accordance with the provisions of P. L. 8882, issued a warrant on said complaint of the probation officer, directed to any sheriff or constable in the State, commanding that the petitioner should be apprehended and brought forthwith before said court to be dealt with as provided by law. The warrant was delivered to Sheriff Flint for service.

The period of the petitioner's probation expired on January 22, 1935. On January 23, the State probation officer notified the petitioner in writing as follows: ''Your case has been closed and it is no longer necessary for you to make report to this office.'' On the same day he notified Sheriff Flint in writing as follows: ''The case of Glenn Parker was closed by expiration January 22, 1935, which makes the complaint and warrant in your hands worthless, unless service was had prior to the 22nd.''

On March 20, 1935, Sheriff Flint served the warrant at Woodstock, Vt., by arresting the body of the petitioner and bringing him before Caledonia municipal court. On March 23, 1935, a hearing was had by that court on the question whether the petitioner had violated the conditions of his probation during the term of his probation. The hearing was continued from time to time until April 8, when the court found that the petitioner had violated the conditions of his probation, and he was sentenced to be confined at hard labor in the house of correction for and during the term of not less than six months nor more than one year from the date of commitment, which was the term of the original sentence. A *mittimus*, which has not been served, was issued committing the petitioner to the house of correction. The *mittimus* is in the hands of Sheriff Flint, and the petitioner is at large on bail pending the decision of the case.

The petitioner makes the general contention that, on the foregoing facts, the Caledonia municipal court, at the time of the proceedings of inquiry as to the alleged breach of probation, was without jurisdiction of the subject matter and of the person, and without authority to commit him. The petitioner has briefed three special contentions, which we consider. 1. The petitioner contends that during the period of his probation and

while he was in the custody of the State probation officer he was constructively and in the eye of the law serving his sentence; that having thus served his sentence of one year, for the court to recommit him to prison would be to inflict a double punishment for the same offense. This contention cannot be sustained.

A *mittimus* was never issued committing the petitioner to prison to serve his original sentence until after the court found that he had violated the conditions of his probation. He has never served any time in prison on his original sentence, and he was at large during the entire term of his probation with his own consent if not at his own request. His commitment into the custody of the State probation officer was not penal in character. Its purpose was reformatory rather than punitive. *In re Hall,* 100 Vt. 197, 202, 136 Atl. 24; *In re Gordon,* 105 Vt. 277, 279, 165 Atl. 905.

While there are some authorities that support the contention of the petitioner, the rule in this jurisdiction is that the time that a paroled prisoner has been at large on his parole, or the time that a convicted person has been at large on probation, is not to be treated as time served on his sentence. *In re McKenna,* 79 Vt. 34, 35, 64 Atl. 77; *In re Hall, supra,* p. 203; *In re De Palo,* 101 Vt. 510, 512, 144 Atl. 678. And that is the rule in most of the jurisdictions where the question has been passed upon. 8 R. C. L. 259, § 267; *Miller* v. *Evans,* 115 Iowa, 101, 88 N. W. 198, 56 L. R. A. 101, 91 A. S. R. 143; *Terrell* v. *Wiggins,* 55 Fla. 596, 46 So. 727, 127 A. S. R. 196; *Ex Parte Eldridge,* 3 Okla. Crim. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 A. S. R. 967; *Hopkins* v. *North,* 151 Md. 553, 135 Atl. 367, 49 A. L. R. 1303; *Fuller* v. *State,* 122 Ala. 32, 42, 26 So. 146, 45 L. R. A. 502, 82 A. S. R. 17; *Volker* v. *McDonald,* 120 Neb. 508, 233 N. W. 890, 72 A. L. R. 1267; note 10 Ann. Cas. 203.

The reason for the rule is stated in *State* v. *Horne,* 52 Fla. 125, 42 So. 388, 391, 7 L. R. A. (N. S.) 719, as follows: "The law does not contemplate that the court in fixing the punishment shall also fix the beginning and ending of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it

shall be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should, as a rule, be strictly executed. But the order of the court with reference to the time when the sentence shall be executed is not so material. Expiration of the time without imprisonment is in no sense an execution of the sentence.''

■ We hold that the petitioner has served no portion of his original sentence.

2. The second contention of the petitioner is that the warrant upon which he was brought into court was not served within a reasonable time.

■ ■ It appears from the record that after the sheriff received the warrant issued by the municipal court he made several unsuccessful attempts to locate the petitioner and have him apprehended before he arrested him at Woodstock on March 20, 1935. The petitioner introduced evidence tending to show that during some of that time he was at his father's home in Westminster; but this is not conclusive that he could have been located and arrested at any time earlier than when he was arrested. We cannot say under the circumstances that a reasonable time had elapsed before the warrant was served. But, if the sheriff were negligent or dilatory in serving the warrant, the petitioner. cannot take advantage of such negligence or dilatoriness to avoid the punishment which his wrongdoing will be assumed to have justly required. *Miller* v. *Evans*, *supra*.

3. The third contention of the petitioner is that under the provisions of Chapter 355 of the Public Laws (sections 8865-8884), which provide for and regulate the probation of convicted persons, the jurisdiction of the court placing a convicted person on probation over such person is confined to the term of probation. This contention requires the examination and construction of some of the provisions of Chapter 355.

Section 8872 provides that in a proper case, ''the court shall pass sentence upon the accused, if he is convicted, and may then suspend all or part of such sentence, and place the person so convicted and sentenced in the care and custody of the State probation officer upon such conditions and for such time as it may prescribe, or until further order of the court.''

Section 8865 provides that the State probation officer shall have general supervision of persons placed on probation and

of administration of the statutes relating to probation and may prescribe rules not inconsistent with the orders of the court placing a person on probation, governing the conduct of such a person.

Section 8873 provides that the court placing a person on probation, in its discretion, at any time during the term of probation, may enlarge, alter or amend its conditions or extend the term thereof or discharge such person from the care and custody of the State probation officer.

Section 8876 provides that whenever a person is placed in the charge of the State probation officer the court shall furnish such officer a warrant, setting forth certain facts, and that such warrant ''shall be full authority for the exercise by such probation officer of all the rights and powers over and in relation to the probationer prescribed by law and the order of the court and shall be a sufficient warrant for the apprehension and detention of the probationer by such probation officer or by any officer acting under his direction at any time or place.''

Section 8879 provides, so far as material here, that whenever the State probation officer believes that the probationer has violated any of the terms or conditions of his probation, he shall forthwith bring the probationer, or cause him to be brought, before the court wherein he was convicted, and such court shall inquire summarily into the conduct of the probationer subsequent to his release on probation, and if such court is satisfied that the probationer has violated any of the conditions of his probation, it may order him committed on his original sentence and a *mittimus* shall thereupon be issued for the execution thereof.

Section 8880 provides that if upon such inquiry such court determines that the interests of justice do not require the commitment of the probationer on his original sentence, such court may recommit him to the custody of such probation officer upon the original conditions or under such amended or additional conditions as it may see fit to impose.

Section 8882 specifies the methods by which a probationer charged with violating the conditions of his probation may be brought before the court as provided in section 8879. It provides that the State probation officer may personally apprehend the probationer, or he may cause him to be apprehended on the original warrant issued under the provisions of section 8876,

or he may make complaint in writing to the court setting forth that he believes that the probationer has violated the conditions of his probation. The statute further provides that when this last method is used, "the court * * * shall thereupon issue a warrant directed to any sheriff or constable in the State setting forth such complaint and ordering that the probationer shall be apprehended and brought before such court * * * to be dealt with as provided by law and such warrant shall be authority for the arrest and detention of such probationer by any officer competent to serve the same until the case shall have been inquired into and disposed of as provided by the three preceding sections." This method is the one used by the State probation officer for having the petitioner brought before Caledonia municipal court for inquiry as to whether he had violated any of the conditions of his probation. Of "the three preceding sections" referred to, only sections 8879 and 8880 are material here.

The petitioner says that section 8880 authorizes the court upon inquiry to recommit the probationer to the custody of the probation officer upon the original conditions or such amended or additional conditions as the court may see fit to impose, but that by section 8873 the power of the court to enlarge, alter or amend the conditions of probation or to extend the term thereof is plainly limited to the term of probation. He contends that since this is true, the power of the court to amend or add to the conditions of probation as provided in section 8880 is limited by the provisions of section 8873; that it logically follows that since the court cannot change or alter the terms of probation after the term thereof has expired, the court does not have the power after that time to commit a probationer for violating the conditions of his probation.

This contention is not tenable. The statute makes the State probation officer the proper officer to charge a probationer with having violated the conditions of his probation and to bring him, or cause him to be brought, before the court wherein he was convicted for summary inquiry as to whether he has in fact violated any of such conditions, as provided in section 8879, and it is doubtless true that such proceedings must be instituted by the probation officer during the term of probation.

Sections 8879, 8880 and 8882 give such court certain specific powers which it must or may exercise in such a proceeding.

The court must issue a warrant on the complaint of the State probation officer, as provided in section 8882. It must inquire summarily into the conduct of the probationer subsequent to his release on probation, as provided in section 8879. If it is satisfied upon such inquiry that he has violated any of the conditions it may order him committed on his original sentence, as provided in section 8879. If it determines upon such inquiry that the interests of justice do not require such commitment it may recommit him to the custody of such probation officer, as provided in section 8880.

There is no specific provision in the statutes that confines the court in the exercise of such powers to the period of probation or to any definite period of time. The statute is silent upon that subject except for the provision in section 8882 that the warrant issued by the court on the complaint of the State probation office shall be authority for the arrest and detention of the probationer by any officer competent to serve the same until the case shall have been inquired into and disposed of as provided by section 8879 or section 8880. This provision in section 8882 excludes the idea that the court must inquire into and dispose of the case within any certain specified time. It is also true that in many cases the officer holding a warrant issued by the court as provided in section 8882, will need a reasonable time within which to locate, apprehend and bring the probationer before the court. The petitioner impliedly recognizes this fact as one of his contentions is that the warrant upon which he was brought into court was not served within a reasonable time. We hold that the exercise of the powers given to the court by sections 8879, 8880 and 8882 in a proceeding where a probationer is charged with violating the conditions of his probation is not limited by the provisions of section 8873 to the term of probation.

We think the rule stated in *In re Conditional Discharge of Convicts*, 73 Vt. 414, 51 Atl. 10, 56 L. R. A. 658, as to the effect of the violation by a convict of a conditional pardon or parole, applies with equal force to the violation by a probationer of the conditions of his probation. In that case this Court said (p. 422) : ''The authorities seem to agree that when a convict fails to perform the conditions of his pardon, he is liable to be remitted to his original sentence. This is the logical result, for by non-performance of the conditions the pardon be-

comes void, and the prisoner is in the same state in which he was at the time his pardon was granted.'' The Court also quoted with approval (p. 426) from *Fuller* v. *State,* 122 Ala. 32, 26 So. 146, 45 L. R. A. 502, 82 A. S. R. 17, where it is said that a ''parole does not in any wise displace or abridge the sentence. It merely stops its execution for a time only, it may be, or indefinitely, it may prove. It suspends, not destroys.''

The provisions of section 8879 that if the court is satisfied upon summary inquiry that the probationer has violated any of the conditions of his probation, it may order him committed on his original sentence, are, in substance, a restatement of the rule laid down in *In re Conditional Discharge of Convicts, supra,* as applied to probationers.

While section 8879 provides that if the court is satisfied upon inquiry that the probationer has violated any of the conditions of his probation it ''may'' order him committed on his original sentence, it appears clearly from the provisions of sections 8879 and 8880 that in cases where the court does not determine that the probationer shall be recommitted to the custody of the State probation officer, as provided in section 8880, the word ''may'' is to be construed as meaning ''shall,'' and in such cases it is mandatory upon the court to order the probationer committed on his original sentence.

When the petitioner was placed on probation his sentence was suspended, it was not vacated. The judgment itself was not impaired or limited. The time for its execution was merely deferred. The petitioner, while on probation, was not freed from the legal consequences of his guilt. He was merely enjoying a conditional favor, which might be withdrawn. If he had performed the conditions of his probation during the term of his probation, he would have been relieved at the termination thereof from serving his original sentence; but when he violated such condition his probation became void, and he was in the same state in which he was when his sentence was suspended and he was placed on probation. When the court ordered him committed on his original sentence he was punished for the crime of which he was convicted and not for violating the conditions of his probation.

The general rule laid down by the authorities which we have cited under the first contention of the petitioner is that where the penalty is imprisonment, the sentence of the law

is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority; that the expiration of time without imprisonment is in no sense an execution of the sentence.

In *Fuller* v. *Alabama, supra,* the court said: "* * * upon condition broken, the sentence, which has all along hung in its entirety over the liberty of the paroled convict, is to be executed upon him 'as though no parole had been granted to him.' This is the plain meaning of the statute; and so interpreted, it involves, of necessary consequence, the proposition that upon condition broken, even after the time at which the sentence would have ended but for its suspension, the convict may still be remanded to custody; that the unserved, and hence unexpired, part of the sentence—that part which he was released from serving during the period of durance originally specified —may be executed upon him."

That is the rule in this jurisdiction. *In re Conditional Discharge of Convicts, supra; In re McKenna, supra; In re Hall, supra; In re De Palo, supra.* While most of the cases to which we have referred are cases where a convict released from prison on a conditional pardon or a conditional parole had violated the conditions of his pardon or parole, the rule, in principle, applies with equal force to a probationer who has violated the conditions of his probation.

In the instant case the State probation officer made his complaint to the municipal court, and that court issued its warrant for the apprehension of the petitioner, during the term of probation; but the proceedings by the court, as provided in section 8879, were not had until after the term of probation had expired. We think it is immaterial whether such proceedings were had during the term of probation or after it had expired. We hold that the municipal court had the jurisdiction to conduct such proceedings and to order the petitioner committed on his original sentence after the term of probation had expired.

The petitioner, referring to the notice given to him by the State probation officer on January 23, 1935, that his case had been closed and that it was no longer necessary for him to report to the office of the department of public welfare, and the notice given by that officer to Sheriff Flint that the case of the petitioner was closed by expiration January 22, 1935, "which makes the complaint and warrant in your hands worthless un-

less service was had prior to the 22nd,'' contends that the custody of the petitioner in the hands of the State probation officer was ended not only by lapse of time but by the formal closing of the case and notice thereof to the petitioner in accordance with the ''established and uniform practice''; that it therefore follows that the power of the municipal court to order the petitioner committed on his original sentence exists only during the term of probation and cannot be exercised after said term has expired and the petitioner has been discharged by the State probation officer.

It appears from the record that for some time it has been the practice of the State probation officer, when a convicted person has been placed on probation for a definite term, to close the case and discharge the probationer at the expiration of such term, unless the probationer has been convicted of a new offense before his term of probation has expired.

While section 8865 gives the State probation officer the general supervision of persons placed on probation and of the administration of the statutes relating to probation, he has only such powers as are given to him by the statute. It may be, as claimed by the petitioner, that the executive department has adopted such a practice in the cases of prisoners who have been released from prison by the governor on a conditional pardon or parole, but there is no statute that authorizes the State probation officer to adopt such a practice in the case of a probationer, or to discharge a probationer against whom a proceeding for violating the conditions of his probation is pending.

The petitionee contends that when the State probation officer makes a written complaint to the court wherein a probationer was convicted that he believes that the probationer has violated the conditions of his probation and the court has issued a warrant for the apprehension of the probationer, as provided in section 8882, the authority of the State probation officer in that proceeding is exhausted, and his custody and supervision of the probationer then ceases; that thereafter the probationer is, in legal effect, in the custody of the court for further proceedings as provided by law. The petitioner denies that this contention of the petitionee is sound, but we think that it is sound and that it must be sustained.

After the State probation officer has made his complaint to the court all further proceedings are conducted by the

court. The State probation officer is no longer a party to such proceedings. That such is the legislative intent appears clearly from the provisions of section 8880 that if upon the summary inquiry, the court determines that the interests of justice do not require the commitment of the probationer on his original sentence, the court may "recommit" him to the custody of such probation officer upon "the original conditions" or under such amended or additional conditions as it may see fit to impose. The word "recommit," as used in section 8880, means: "To give back into keeping; as, to recommit a criminal to prison." Webster's Internat. Dict. The only fair and reasonable inference that can be drawn from the provision of section 8880 that the court may "recommit" the probationer to the custody of the probation office upon "the original conditions," is that the State probation officer did not then have the custody and supervision of the probationer. If he did have such custody and supervision of the probationer that provision of the statute is unnecessary; but we will not assume that the Legislature used unnecessary language in framing the statute.

We hold that the custody and supervision of the State probation officer of the petitioner ceased when he made his complaint to the municipal court and that court issued a warrant on that complaint; that thereafter, in legal effect, the petitioner was in the custody of the municipal court; that thereafter the State probation officer did not have the power to discharge the petitioner from probation; that whatever he or the welfare department did or attempted to do in discharging the petitioner was without legal authority, and is null and void.

While we have not passed upon all of the questions raised in this case we have considered them, and all questions we have deemed material are decided by what we have herein said.

*It is adjudged that the petitioner is not illegally deprived of his liberty, and his petition is dismissed. Let execution of sentence be done.*