## IN RE FRANK J. RONAN.

Special Term at Rutland, November, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and STURTEVANT, Supr. J.

Opinion filed January 5, 1937.

482

*Andrew C. Calvi* for the petitioner.

*Alban J. Parker,* State's attorney, for the State.

SHERBURNE, J. This was a petition of *habeas corpus* to secure the relator's discharge from the house of correction at Windsor. The petition was drafted by the relator himself and was informal. At the hearing counsel was assigned to assist him.

It appeared that on August 12, 1922, the relator was committed to the house of correction to serve a sentence of not less than six months nor more than one year imposed by the Hartford municipal court for operating an automobile while under the influence of intoxicating liquor. Relator escaped on August 16, 1922, while doing outside work, and was not captured and returned until May 16, 1936. On October 14, 1936, he was tried before the Windsor municipal court for the above escape upon an information filed and warrant issued soon after the escape, and was found and adjudged guilty, and sentenced to a term in the house of correction of not less than one year nor more than one year and six months and to pay a fine of fifty dollars and costs, such term to begin upon the expiration of his previous sentence.

Three questions were raised upon relator's petition as follows: (1) That he should be discharged from the first sentence because he had been confined longer than the minimum term; (2) that errors were committed at the last trial, and (3) that he was being kept in unlawful confinement because of being kept segregated from some of the other prisoners.

██ ██ Although by statute (see G. L. 7175 in force when the first sentence was imposed, now P. L. 8752) it is provided that when a respondent is sentenced to the state prison or house of correction, other than for life, the court imposing the sentence shall not fix the term of imprisonment, unless such term is definitely fixed by statute, but shall establish a maximum and minimum term for which such respondent may be held, such sentence is in law the maximum term. *In re Conditional Dis-*

*charge of Convicts,* 73 Vt. 414, 424, 51 Atl. 10, 56 L. R. A. 658; *In re McKenna,* 79 Vt. 34, 64 Atl. 77. It has now become customary for the Executive to issue a conditional pardon upon the expiration of a minimum sentence if the prisoner has fully complied with the prison rules, and courts have this custom in mind when imposing sentence.

█ █ At the last trial the relator did not employ counsel but conducted his own defense. He claimed that errors were made by the municipal court and sought to be discharged for that reason. Where no question of jurisdiction is involved, as here, it is well established that the writ of *habeas corpus* cannot be given the effect of a writ for the correction of errors and irregularities. *Woolsey* v. *Best,* 299 U. S. 1, 81 L. ed. 1, 57 Sup. Ct. 2 (decided Oct. 12, 1936), and cases cited; *In re Fitton,* 68 Vt. 297, 300, 35 Atl. 319; *In re Turner,* 92 Vt. 210, 102 Atl. 943; *In re Dexter,* 93 Vt. 304, 310, 107 Atl. 134; *In re Hook,* 95 Vt. 497, 503, 115 Atl. 730, 19 A. L. R. 610; *In re McAllister,* 97 Vt. 359, 123 Atl. 207; *In re Dawley,* 99 Vt. 306, 314, 131 Atl. 847; *In re Parker,* 107 Vt. 463, 468, 181 Atl. 106.

For some considerable time convicts with long and bad records have been segregated at the state prison and house of correction. They have all the privileges of other prisoners, but are not allowed to mingle with the other group and can only associate with themselves. Relator has a long prison record commencing with a sentence for larceny in 1908 in Massachusetts. Since serving that sentence he has spent a large portion of his time serving sentences for such crimes as receiving stolen goods, burglary, burglary and larceny, and escaping prison in Massachusetts, and burglary and larceny in New Jersey.

█ █ Our prison officials should be commended rather than censured for segregating the relator with the more hardened convicts. One of the principal purposes of imprisonment is reformation, and to that end first offenders, particularly those only guilty of minor offenses, should be shielded from association with those who, according to long experience, have a bad influence upon their fellows.

*It was adjudged that the relator was not illegally deprived of his liberty, and he was remanded to the house of correction whence he was taken, and his petition was dismissed.*