### In Re Louis Charizio

[138 A2d 430]

November Term, 1957.

Opinion Filed January 7, 1958.

*Austin B. Noble* and *William E. Mikell* for the petitioner.

*Frederick M. Reed*, Attorney General, for the petitionee.

**Cleary, J.** This is a writ of habeas corpus, directed to the Warden of the State Prison, by which the petitioner seeks to test the legality of his confinement in that institution. The following facts are not in dispute.

On August 28, 1931, the petitioner was convicted of second degree murder, was sentenced to life imprisonment in the State Prison and committed there. On December 20, 1949, the petitioner was granted a conditional pardon by Governor Ernest W. Gibson. The conditions of the pardon which are material here were that the petitioner "shall commit no crime punishable under the laws of this State; shall not associate with persons of evil character; shall lead an orderly and industrious life; shall work and reside at all times where the State Probation Officer directs; and shall report your residence and occupation to the State Probation Officer, Montpelier, Vermont, between the first and fifth days of each month. This Pardon shall be in force only after you, by writing, signed by your hand, shall have agreed to keep and perform the conditions upon which it is granted, and only so long as you shall keep and perform them. Upon the consideration of the Governor for the time being (whose judgment shall be conclusive as to the fact) that you have violated and failed to perform the foregoing conditions this pardon shall become void, and you shall be apprehended and forthwith returned to your former condition of custody to serve the remainder of the term of your imprisonment, upon a warrant issued for that purpose by the

Governor." Prior to his release from the State Prison, the petitioner signed an agreement stating that he accepted the pardon, subject to the conditions therein named, and agreeing to keep and perform and abide by all the said conditions. Shortly after December 22, 1949, the petitioner was permitted to go to Connecticut under a parole supervision compact then in existence between the State of Vermont and Connecticut. While there he was imprisoned in the Connecticut State Prison. Upon his release in June 1956, he was apprehended and returned to the Vermont State Prison where he has since been confined upon an executive warrant signed by Governor Lee E. Emerson which stated it was issued upon investigation and inquiry and consideration thereof, in the judgment of the Governor that Charizio had violated and failed to perform the conditions of the conditional pardon granted him by Governor Gibson.

■ The petitioner's first claim is that the revocation of his conditional pardon was void because the Governor's warrant, although containing a formal allegation of breach of conditions, did not specify a particular condition adjudged by the Governor to have been broken by the petitioner, citing *In re Paquette*, 112 Vt 441, 27 A2d 129. The Paquette case does not support the petitioner's contention. Our law does not require that the Governor's warrant specify any particular condition adjudged by the Governor to have been broken by the petitioner. V. S. 47, §8045.

The petitioner also argues that he has a constitutional right to be informed of the specific condition which, in the Governor's judgment, he has broken. He claims the failure to specify amounts to a deprivation of the remedy of habeas corpus and is a violation of section 33 of Chapter II of the Constitution of Vermont, and also of the Fourteenth Amendment to the Constitution of the United States. The terms of the pardon which the petitioner accepted and to which he agreed gave him no right to notice of a specific violation of any of its conditions. The fact that the present writ of habeas corpus was issued in response to his petition and the fact that the merits of his petition are now being decided refutes his

contention that he is deprived of the remedy of habeas corpus and, therefore, that there was a violation of his constitutional rights.

■ The petitioner claims his present detention is unlawful because the Governor could not revoke his pardon for a breach of the condition that he "commit no crime punishable under the laws of this State" for the reason that he was not present in this State and could not have violated its laws. That the petitioner commit no crime punishable under the laws of this State was only one of the conditions of his pardon. The pardon stated it would become void if "Upon the consideration of the Governor for the time being (whose judgment shall be conclusive as to the fact) that you have violated and failed to perform the foregoing conditions." The warrant on which the petitioner was returned to custody states that it was issued by the then Governor upon investigation and inquiry and upon consideration thereof, in the judgment of the Governor that Charizio had violated and failed to perform the conditions of his pardon. This was even more than required by the term of the pardon. Why or how the Governor arrived at his judgment does not appear and our law does not require it. We are bound to presume that Governor Emerson acted regularly and in the proper exercise of his authority in revoking the pardon. *State ex rel Billado* v. *Control Com'rs*, 114 Vt 350, 356, 45 A2d 430; *Manchester* v. *Townshend*, 110 Vt 136, 143, 2 A2d 207; *Ryan* v. *Orient Ins. Co.*, 96 Vt 291, 307, 119 A 423; *Lycoming Ins. Co.* v. *Wright*, 60 Vt 515, 521, 12 A 103. The petition does not deny the breach of the pardon conditions, except the one that the petitioner "commit no crime punishable under the laws of this State." He makes no claim that he had fulfilled the conditions of his pardon at the time it was revoked. The petition should have claimed either fulfillment of all the terms of the pardon or a denial of a breach of all the conditions of the pardon.

The petitioner contends that because of the right of review granted by the Paquette case, 112 Vt 441, 27 A2d 129, this Court must (1) determine the meaning and scope of the conditions of the pardon, and (2) determine whether or not the Governor had sufficient evidence on the basis of which he

could find a breach of one or more of the stated conditions. The Paquette case does not support the petitioner's contentions. Under the statute, V. S. 47, §8045, and under the terms of the pardon accepted by the petitioner, the Governor was the sole and exclusive judge as to whether the conditions of the pardon had been violated. Upon the present petition this Court has no authority to determine whether the Governor had sufficient evidence upon which to base his judgment. Neither have we the authority to determine the meaning and scope of the conditions of the pardon, regardless of what they were, after the Governor has determined they have been violated.

██ Finally, the petitioner claims his imprisonment is illegal and contrary to due process of law because he was deprived of his liberty without being given a hearing upon the revocation of his pardon. He cites the Fourteenth Amendment to the Constitution of the United States and Article 10 of Chapter I of the Constitution of Vermont. He relies on *Fleenor* v. *Hammond,* 116 F2d 982, 132 ALR 1241, and *People* v. *Moore,* 62 Mich 496, 29 NW 80. These cases were considered in *Matter of Paquette,* 112 Vt 441, 444, 27 A2d 129, where this Court said *Fleenor* v. *Hammond* and *People* v. *Moore* are opposed to the great weight of authority and refused to follow them. By his acceptance of the pardon the petitioner voluntarily submitted himself to the conditions stated in it and was bound by them. He was also bound by the provisions of the statute under which the executive clemency was extended to him. The terms of the pardon and of the statute in pursuance of which it was granted gave the petitioner no right to notice and hearing as a condition precedent to his arrest and recommitment. In this there was no violation of his constitutional rights. *Matter of Paquette,* 112 Vt 441, 444, 27 A2d 129. The petitioner characterizes the Paquette case as dictum. In that case the petitioner raised the issue of the lack of a hearing and asserted the violation of his constitutional rights, so the Court's opinion was not dictum.

█ The rights of the petitioner depended on the conditions of his pardon. A pardon may be made subject to any

conditions, provided they are not unlawful, unreasonable, immoral, or impossible of performance; and when accepted by the prisoner, especially when agreed to in writing as they were here, the conditions become binding upon him.   *In re Gordon* 105 Vt 277, 279, 165 A 905; *State* v. *Barnett*, 110 Vt 221, 228, 235, 3 A2d 521.   The petitioner has failed to show that he is entitled to the relief he seeks.   Judgment that the petitioner is not illegally restrained of his liberty and that he be remanded to the custody of the Warden of the State Prison.

*Petition dismissed.*