# In re Normand W. Saucier

[167 A.2d 368]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Normand W. Saucier, pro se.*

*Thomas M. Debevoise,* Attorney General, for the State.

**Shangraw, J.** This is a petition for a writ of habeas corpus, directed to the warden of the state prison, by which the petitioner seeks to test the legality of his confinement in that institution.

On October 29, 1947 the petitioner was convicted by the Brattleboro Municipal Court of several crimes and sentenced to serve the maximum term of twenty years. On October 20, 1954 he was granted a conditional pardon by Governor Lee E. Emerson to become effective November 12, 1954. The conditions of the pardon which are material here read:

"HEREAFTER, you the said Norman Saucier shall commit no crime punishable under the laws of this State; shall abstain from

the possession and use of intoxicating liquor; shall not associate with persons of evil character; shall not possess, use or handle firearms; shall lead an orderly and industrious life; shall work and reside at all times where the State Probation Officer directs; shall maintain and support your family to the satisfaction of the State Probation Officer; shall not marry without the consent of the State Probation Officer * * *"

The pardon further provided that it "shall be in force only after you, by writing, signed by your hand, shall have agreed to keep and perform the conditions upon which it is granted, and only as long as you shall keep and perform them." It further stated that "Upon the consideration of the Governor for the time being (whose judgment shall be conclusive as to the fact) that you have violated and failed to perform the foregoing conditions this pardon shall become void, and you shall be apprehended and forthwith returned to your former condition of custody to serve the remainder of the term of your imprisonment, and to pay such fine and costs imposed upon you as are hereinbefore recited, upon a warrant issued for that purpose by the Governor to any Sheriff or Constable in the State."

The petitioner in writing accepted the pardon, subject to the conditions therein named, and agreed to keep and perform and abide all the conditions expressed therein.

On the effective date of the pardon the petitioner signed a further agreement to the effect that if he was permitted to go to the state of Massachusetts under parole supervision, he would return to Vermont at any time when instructed by the proper authorities of this state. By the same instrument he also waived extradition from any jurisdiction, in or outside the United States, and agreed that he would not contest any effort by any jurisdiction to return him to the state of Vermont. He later desired to move to the state of Connecticut and on January 9, 1959, in consideration of the state of Vermont transferring his parole supervision under interstate compact to the state of Connecticut, the petitioner signed another like agreement to return to the state of Vermont upon demand, and again waived extradition.

On October 30, 1959, Governor Robert T. Stafford, upon investigation and inquiry and consideration thereof determined that the petitioner had violated and failed to perform the conditions of the

conditional pardon granted by Governor Emerson, and issued a warrant directing that the petitioner be returned to the state prison at Windsor, Vermont to serve the remainder of the term of his imprisonment. On December 24, 1959 by virtue of this warrant the petitioner was returned to the state prison and is now confined there.

28 V.S.A. Pardons and Discharges, §904 governs the granting of a conditional pardon by the governor and his authority in case of a violation of its conditions. This section reads:

"In his discretion, the governor may grant a pardon for offenses against the state upon such conditions as he judges proper. Until a person to whom such conditional pardon is granted is excused from the performance of the conditions thereof, the governor shall have all the authority, rights and powers over and in relation to such person which he would have if he were surety in the case upon the recognizance of such person before conviction, and he shall be the sole and exclusive judge as to whether the conditions of such pardon have been violated. If, in the judgment of the governor, such conditions have been violated, he may cause such person to be apprehended and returned to his former condition of custody that execution of sentence may be complied with."

The governor's warrant upon which the petitioner now stands committed sets forth that "upon investigation and inquiry and upon consideration thereof, in the judgment of the Governor, Norman Saucier of Upton, Massachusetts has violated and failed to perform the conditions of a conditional pardon granted by His Excellency Lee E. Emerson under date of November 12, 1954." The petitioner's first claim is that he is illegally held because the warrant does not set forth the condition or conditions broken, or charge him with a crime punishable under the laws of this State.

If a conditional pardon, accepted by a convict, contains a provision that upon non-compliance with the conditions the convict may be apprehended and remitted to his former custody upon the governor's warrant, issued for that purpose, such provision is binding, and the governor may proceed in accordance therewith. *In re Conditional Discharge of Convicts,* 73 Vt. 414-429, 51 A. 10, 56 L.R.A. 658. By the petitioner's acceptance of the pardon he voluntarily submitted himself to the conditions stated in it and was bound by them. *Matter*

*of Paquette,* 112 Vt. 441, 443, 444, 27 A.2d 129; *In re Gordon,* 105 Vt. 277, 279, 165 A. 905; *State* v. *Barnett,* 110 Vt. 221, 228, 235, 3 A.2d 521. As stated in *Matter of Paquette, supra,* at page 445, "In the eye of the law, the conditionally pardoned convict is looked upon as being constantly in the custody of the Governor, who is regarded as his jailer and has 'him always upon a string that (he) may pull at pleasure.' *In re De Palo,* 101 Vt. 510, 513, 144 A. 678, 679."

■■ The petitioner's claim that he is illegally held because the warrant did not set forth the condition or conditions broken is not well taken. This is not necessary. *In re Charizio,* 120 Vt. 208, 210, 138 A.2d 430, cert. den. 356 U.S. 962, 78 S.Ct. 1001, 2 L.Ed.2d 1069. At page 210 of the opinion Chief Justice Cleary stated: "Our law does not require that the Governor's warrant specify any particular condition adjudged by the Governor to have been broken by the petitioner." The conditional pardon was an act of grace or favor upon the part of the State by its governor, and might be revoked without notice to the convict and without giving him an opportunity to be heard. *In re Charizio, supra,* at page 212. *Ex parte Smith* (1939) 65 Okl. Cr. 393, 87 P.2d 1106.

The petitioner also claims a violation of due process of law as guaranteed under the Fourteenth Amendment to the Constitution of the United States and Article 10 of Chapter I of the Constitution of Vermont, by reason of the fact that the warrant failed to specify the condition broken and because no hearing was afforded him. The statute, 28 V.S.A. §904, gave the petitioner no right to notice and hearing as a condition precedent to his arrest and recommitment. In this there was no violation of his constitutional rights. *In re Charizio, supra,* page 212. *Matter of Paquette, supra,* 444.

· [5] By reason of the petitioner's absence from the state of Vermont since the conditional pardon was granted he urges that it could not have been revoked for a breach of the condition that he "commit no crime punishable under the laws of this State." Under the statute, 28 V.S.A. §904, the investigation, inquiry, and consideration thereof, is the sole prerogative of the governor. That the petitioner commit no crime punishable under the laws of this state was only one of the conditions of his pardon. Upon what grounds the governor arrived

at his judgment does not appear and our law does not require it. It is to be presumed that the governor acted regularly in the proper exercise of his authority in revoking the pardon. *In re Charizio, supra,* 211. Moreover, the petitioner makes no claim that he has fulfilled the conditions of his pardon, nor has he denied a breach of its conditions, other than the fact that he has not committed a crime punishable under the laws of this state. It is not for this court to spell out the process by which the governor may adjudge a violation of the conditions of a conditional pardon, such as here.

Lastly, the petitioner urges that he was brought back to Vermont without the benefit of extradition proceedings, and that his detention here is illegal. There is nothing in the record to indicate that he returned involuntarily. A reference to the officer's return on the governor's warrant discloses that the petitioner was arrested on this process at Guilford, Windham County, State of Vermont, on the 24th day of December, 1959, and delivered to the warden of the state prison, at Windsor, Vermont, on the same date. Moreover, we have in this case two waivers of extradition signed by him each based upon a good consideration, the last one being within a year before he was removed to this state.

The petitioner has failed to show that he is entitled to the relief he seeks. *Judgment that the petitioner is not illegally restrained of his liberty and that he be remanded to the custody of the warden of the State Prison. His petition is dismissed.*