## In re Charles Lorette

[ 228 A.2d 790 ]

February Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 4, 1967

*Peter Forbes Langrock* for petitioner.

*Alan W. Cheever,* Assistant Attorney General, for State.

**Smith, J.**  Petitioner filed his petition for habeas corpus with a Superior Judge, as provided by 12 V.S.A. §3953. Hearing was held at the Windsor County Courthouse by Superior Judge Robert W. Larrow; findings of fact were made, and an order issued declaring

that the petitioner was not illegally confined and dismissing the writ of habeas corpus. Petitioner brings his appeal here under authority of 12 V.S.A. §§2381-2390.

The only question presented here by the brief of the petitioner is whether the time during which the petitioner had been in the custody of the Governor under a conditional pardon should be computed as time during which he was serving his sentence.

The unexcepted-to findings of fact below disclose the following factual background: The petitioner is confined in the State's Prison at Windsor under an original mittimus issued on January 27, 1958 from Rutland Municipal Court. The sentence received by the petitioner was for a term of not less than three nor more than seven years after a conviction of breaking and entering in the nighttime.

On August 12, 1960, the petitioner was granted a conditional pardon by then Governor Robert R. Stafford. He was returned to prison on August 15, 1963 for violation of the conditions of the pardon by a Governor's Warrant, issued on August 7, 1963, by Governor Philip H. Hoff.

He was released from prison by virtue of a second conditional pardon granted him this time by Governor Hoff on June 15, 1964. However, on February 16, 1965, he was again committed to prison for a violation of the conditions of his pardon by a Governor's Warrant signed by Governor Hoff. More than seven years, the term of his maximum sentence, have expired between the time he was originally committed to State's Prison on the mittimus from the Rutland Municipal Court and the time at which he brought his petition for the issuance of the writ of habeas corpus.

The judgment below was that the petitioner was not illegally confined and his petition for writ of habeas corpus was dismissed. The expressed conclusion of Judge Larrow was that the petitioner's case came squarely within the holdings of this Court in the cases of *In re McKenna*, 79 Vt. 34, 64 Atl. 77, and *In re Conditional Discharge of Prisoners*, 73 Vt. 414, 51 Atl. 10. Petitioner does not deny that the cited cases hold the non-performance of the conditions of a pardon, accepted by a convict, render the conditional pardon void, and that the convict is liable to be remitted to imprisonment under his original sentence.

The argument of the petitioner is that the above cases, including the *McKenna* case, were decided by this Court prior to the passage of

28 V.S.A. §904, originally enacted as No. 203 (1) of the Acts of 1919. A more diligent search of the cases by the petitioner would have disclosed this Court again considered the question of whether the time in which a convict was at liberty on a conditional pardon could be considered as time served upon his sentence in *In re Joseph DePalo,* which case was heard at the January Term, 1929, nearly ten years after the passage of No. 203 (1), Acts of 1919, now 28 V.S.A. §904. *In re Joseph DePalo,* 101 Vt. 510, 144 Atl. 678.

DePalo, because his whereabouts could not be ascertained, was not served with the executive warrant for violating the term of his conditional pardon, until nearly four years after its issuance. His maximum sentence, which was for 18 months, would, if served, have long since terminated, at the time he was committed to prison on the executive warrant.

The opinion, written by Justice Moulton, after differentiating between the status of a prisoner at liberty on probation, and one released from confinement by virtue of a conditional pardon, went on to say : "The time in which the convict has been at large under such conditional pardon is not to be treated as time served upon his sentence." The case of *In re McKenna,* 79 Vt. 34, is cited with approval.

The petitioner has cited us no authority in support of his position that the time spent by a respondent in the custody of the Governor under a conditional pardon, should be computed as time during which he is serving his sentence, possibly because there is none.

It appears that the petitioner may labor under a misapprehension of the nature of a conditional pardon. A conditional pardon is a grant, which becomes valid only on acceptance of it by the convict, who can reject it, but who on accepting it takes it subject to all the conditions in the grant. *Matter of George Pacquette,* 112 Vt. 441, 443-444, 27 A.2d 129 ; *In re Charizio,* 120 Vt. 208, 138 A.2d 430 ; *In re Saucier,* 122 Vt. 208, 167 A.2d 368. Also, see 67 C.J.S. Pardons, §16 Pages 594-595 and cases there cited.

The liberty enjoyed by a convict during the period he is at liberty under a conditional pardon is not a serving of the sentence of imprisonment at hard labor imposed by the sentencing court. A sentence "is the judgment of the court formally pronounced 'awarding the punishment to be inflicted.' It deals out punishment and one of its underlying aims is to cause the subject to suffer for the wrong he had done." *In re Hall,* 100 Vt. 197, 202, 136 Atl. 24, omitting cita-

tions used in the quoted part of the opinion. While at liberty under the terms of the conditional pardon, the petitioner was not receiving the punishment awarded him under the sentence of the court, and upon his commitment to prison for violation of the terms of his conditional pardon, he was liable to confinement for whatever part of his original sentence remained unserved.

Appellant has also briefed his claim that his rights have been violated under the Thirteenth and Fourteenth Amendments to the Constitution of the United States. Both claims are based upon the contentions of the appellant, previously considered in this opinion, that he is now imprisoned without legal authority and that the term of his original sentence of imprisonment has expired. Both of such contentions having been decided against him here, the claimed basis for his allegation of a deprivation of constitutional rights does not exist, and the question is not before us.

The question appellant seeks to prevent here of a claimed violation of his constitutional rights because no hearing was allowed him before his recommitment to prison for a breach of the conditions of his conditional pardons, was presented to this Court in *In re Charizio*, 120 Vt. 208, 212, 138 A.2d 430. "By his acceptance of the pardon the petitioner voluntarily submitted himself to the conditions stated in it and was bound by them. He was also bound by the provision of the statute under which the executive clemency was extended to him. The terms of the pardon and of the statute in pursuance of which it was granted, gave the petitioner no right to notice and hearing as a condition precedent to his arrest and recommitment. In this there was no violation of his constitutional rights."

*Judgment affirmed.*