# In re Raymond St. Amour, Jr.

[ 255 A.2d 667 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 3, 1969

*William A. Gilbert, Esq.,* for the Petitioner.

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General, and *Patrick J. Leahy,* State's Attorney, for the State.

**Keyser, J.** This respondent brings his appeal here from the dismissal by the Chittenden County Court of his petition for a review of sentence brought pursuant to 13 V.S.A. §7131.

It is undisputed that the petitioner was convicted on March 11, 1964, by the Chittenden County Court of the crime of burglary in the nighttime and sentenced to serve not less than two nor more than five years in State Prison. *Mittimus* issued and was served March 11, 1964.

On September 16, 1965, the Governor of Vermont granted petitioner a conditional pardon. Convinced that the petitioner had violated the conditions of his pardon, the Governor revoked the pardon on March 28, 1968, and issued an executive warrant. The petitioner was returned to State Prison on April 29, 1968 to serve the remainder of his term of imprisonment.

Petitoner's appeal presents two questions for review : (1) whether petitioner may be held at State Prison later than March 11, 1969 under the original *mittimus* of Chittenden County Court and (2) whether the revocation of the conditional pardon by the Governor violates petitioner's State and Federal Constitutional rights.

■ The petitioner first argues that any extension of the petitioner's imprisonment beyond the date set forth in the *mittimus* is a clear violation of his rights. He claims "It is creating a new offense with a penalty therefore." If such is the result, the statute under which the Governor acted would be unconstitutional under the holding of *In re Conditional Discharge of Convicts,* 73 Vt. 414, 422, 51 A. 10, 56 L.R.A. 658.

The statute, 28 V.S.A. §904, applicable here reads in part, "If, in the judgment of the governor, such conditions (of the pardon) have been violated, he may cause such person to be apprehended and returned to his former condition of custody that execution of sentence may be complied with."

The pardon provided that upon violation of its conditions (judgment of the Governor "shall be conclusive as of the fact"), the petitioner "shall be apprehended and forthwith returned to your former condition of custody to serve the remainder of the term of your imprisonment."

The executive warrant commanded the officer to apprehend and return the petitioner "to his former condition of custody that execution of sentence may be complied with, to serve the remainder of the term of his imprisonment."

In the *Conditional Discharge of Convicts* opinion, *supra*, the court said at page 422, 51 A. at page 12, "The authorities seem to agree that, when a convict fails to perform the conditions of his pardon, he is liable to be remitted to his original sentence. This is the only logical result, for by nonperformance of the conditions the pardon becomes void, and the prisoner is in the same state in which he was at the time his pardon was granted."

*In re De Palo,* 101 Vt. 510, at pages 511-512, 144 A. 678, at page 679, holds that "The time in which the convict has been at large under such conditional pardon is not to be treated as time served upon his sentence." Again in the case of *In re Lorette,* 126 Vt. 286, 289, 228 A.2d 790, 792, we held that the violator of a conditional pardon "was liable to confinement for whatever part of his original sentence remained unserved." Thus, it is clear the revocation of a conditional pardon does not create a new offense and penalty therefore.

The petitioner contends that the legislative enactment of Title 28, Chapter 16 effective March 22, 1968, 28 V.S.A.§§911-982, relating to the parole of prisoners supports his position that the time served on a sentence should be reduced by the amount of time he was at liberty under the conditional pardon. The statutes referred to are not applicable to conditional pardons, it being stated in §911 that the chapter "is not intended to affect the constitutional power of the governor to fully, partially or conditionally pardon prisoners."

Moreover, probation and parole are a very different thing from a conditional pardon. *In re Hall,* 100 Vt. 197, 202, 136 A. 24. Even without the exception clause in §911, referred to above, it is the constitutional prerogative of the Governor to issue pardons. It necessarily follows that the power and discretion resting in the Governor to pardon a convict, fix the terms of the pardon and determine compliance therewith by the convict cannot be delegated. As we have seen, it resides in the Governor alone. *In re Conditional Discharge of Convicts, supra,* 73 Vt. pages 419, 420, 51 A. 10; *In re De Palo, supra,* 101 Vt. 512, 513, 144 A. 678.

The first ground of the petitioner's appeal is without merit.

The second question raised by the petitioner is that the actions of the Governor in revoking petitioner's conditional pardon without affording him a hearing violates the State and Federal Constitutions by denying him due process. He argues that it is the essence of due

process that before any man is deprived of any legal right he must be accorded the right to be heard.

■■ No prisoner has a legal right to a conditional pardon. A conditional pardon is a grant, which becomes valid only on the acceptance of it by the convict, who can reject it, but who on accepting it takes it subject to all conditions in the grant. *In re Lorette, supra,* 126 Vt. page 288, 228 A.2d 790, and cases cited.

The petitioner over his signature agreed "to keep and perform and abide all the conditions" of his pardon. The executive warrant was founded on the judgment of the Governor that the petitioner "has associated with persons of evil character; left the state without permission of his supervising Parole Officer" and " was convicted by the Chittenden District Court of driving while intoxicated." These, among others, were conditions of the pardon.

■ The pardon provided that it "shall be in force * * * only as long as you shall keep and perform them" (conditions). Where a prisoner accepts a conditional pardon and voluntarily submits himself to the conditions stated therein, he is bound by them. *In re Saucier,* 122 Vt. 208, 210, 167 A.2d 368. This court stated in the case of *In Matter of Paquette,* 112 Vt. 441, at page 445, 27 A.2d 129, at page 132, "In the eye of the law, the conditionally pardoned convict is looked upon as being constantly in the custody of the Governor, who is regarded as his jailer, and has 'him always on a string that (he) may pull at pleasure." Citing *In re De Palo, supra,* 101 Vt. page 513, 144 A. 678.

■■ Such a pardon is bestowed on a prisoner as an act of grace or favor upon the part of the State by its Governor, and might be revoked without notice to the convict and without giving him an opportunity to be heard. *In re Charizio,* 120 Vt. 208, 212, 138 A.2d 430, cert. den., 356 U.S. 962, 78 S.Ct. 1001, 2 L.Ed.2d 1069; *In re Lorette, supra,* 126 Vt. page 289, 228 A.2d 790. And under 28 V.S.A. §904, the investigation, inquiry and consideration on the matter of a breach of condition is the sole prerogative of the Governor. *In re Saucier, supra,* 122 Vt. at page 211, 167 A.2d 368.

The petitioner cites *Mempa* v. *Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 as authority that a hearing must be held prior to the revocation of his conditional pardon. In that case the petitioner was placed on probation for two years after his conviction on a plea

of guilty with sentence deferred pursuant. to a state (Washington) statute. Subsequently, the court revoked his probation at a hearing in which the petitioner was not represented by counsel and sentenced to the maximum term of ten years. By its opinion at page 137, at page 258 of 88 S.Ct., at page 342 of 19 L.Ed.2d the Supreme Court of the United States held, "All we decide here is that a lawyer must be afforded at the proceeding whether it be labeled revocation of probation or a deferred sentencing." Thus, distinguished, the case is not in point with the case at bar. Furthermore, that was a probation case, not one involving a conditional pardon as here.

Moreover, as in the *Saucier* case, *supra,* the appellant's petition does not allege that the petitioner has fulfilled the conditions of his pardon. Neither are there any facts in the record to show that he has denied a breach of the conditions spelled out in the executive warrant as having been violated.

The petitioner cites *Feenor* v. *Hammond,* 6 Cir., 116 F.2d 982, 132 A.L.R. 1241 as a precedent for this Court to establish the requirement of a hearing before revocation. That case arose in Kentucky where there was no statutory provisions regulating or prohibiting the granting of conditional pardons by the Governor as there are in this State. The Circuit Court held only that unless the exercise of the power of the Governor to revoke the pardon is challenged by unequivocal allegations that the petitioner has complied with the conditions of the grant, the pardon could be revoked without hearing. That case does not reach the stature claimed for it by the petitioner.

Shangraw, J., said in the *Saucier* case, *supra,* "It is not for this court to spell out the process by which the Governor may adjudge a violation of the conditions of a conditional pardon, such as here." We find no reason in this case to overrule the well-set law of the State.

 The actions of the Governor in revoking the conditional pardon were not a deprivation of petitioner's constitutional rights. *In re Charizio, supra,* 120 Vt. page 212, 138 A.2d 430; *In re Saucier, supra,* 122 Vt. page 211, 167 A.2d 368; *In re Lorette, supra,* 126 Vt. at page 286, 228 A.2d 790.

The same issues raised by the respondent in this case were raised by him in a separate *habeas corpus* proceeding in the Windsor County Court, also on appeal to this Court. The disposition of that case is controlled by the decision on the issues made in this case.

*Judgment affirmed.*