## In re Edward H. Milne

[271 A.2d 842]

No. 55-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 1, 1970

*Edward H. Milne, Pro se.*

*James M. Jeffords,* Attorney General, and *Jon C. Stahl,* Assistant Attorney General, for the State.

**Keyser, J.** By a petition for a writ of *habeas corpus* brought to Superior Judge Rudolph J. Daley the petitioner seeks an order for his discharge from parole granted him in June 1965 by the Department of Parole and Probation of the State of Maryland. After hearing, Judge Daley made findings on consideration of which the petition was dismissed and the petitioner appealed to this Court.

On November 30, 1961 the petitioner was sentenced by the General Court of Baltimore, Maryland to serve a term of ten years imprisonment from October 18, 1961. The petitioner claims because of an allowance of good behavior time and

work time allowance while imprisoned that he was entitled to be discharged as of August 11, 1969 by the Vermont judiciary. He asserts that the refusal to do so deprives him of due process under the Fifth Amendment of the Federal Constitution.

In the hearing below the state introduced as an exhibit a photocopy of the Order for Release on Parole issued by the Department of Parole and Probation of the State of Maryland. This order was signed by members of the Board of Parole and Probation and the witnessed signature of the petitioner who agreed as follows:

> "I hereby accept this parole and agree to comply with all of its terms and conditions; and in consideration of the granting to me of this parole, I hereby waive extradition to the State of Maryland and expressly agree that I will not contest any effort to return me to the State of Maryland in consequence of my violating any of the terms and conditions of this parole."

Paragraph 2 of the order states:

> "That this parole shall permit the parolee named herein to leave the institution of confinement, to serve the remainder of the full, undiminished term outside of the confines thereof, and comply with all the terms and conditions of this parole; that until the expiration of such full, undiminished term, the parolee shall be deemed to remain in legal custody."

In addition, we have before us a law memorandum filed by the petitioner on the date the case was argued to which was attached a photocopy of a letter to the petitioner from the Vermont Division of Probation and Parole, dated October 2, 1970, the body of which reads:

> "Regarding your request of this date, a review of your record indicates that the Department of Corrections, State of Vermont, received a letter from:
> Mr. Ralph S. Falconer
> Deputy Administrator
> Interstate PAROLE Compact
> State of Maryland

The letter states in part—'Mr. Milne's parole did not expire on February 28, 1970. He is responsible to us until October 18, 1971.' "

It is clear from the record before us that the petitioner accepted the parole agreement. The explicit provisions of this instrument under Paragraph 2 provide that the term of parole is "until the expiration of such full, undiminished term" of ten years from October 18, 1961. "A conditional pardon is a grant, which becomes valid only on acceptance of it by the convict, who can reject it, but who on accepting it takes it subject to all the conditions in the grant." *In re Lorette*, 126 Vt. 286, 288, 228 A.2d 790 (1967).

Moreover, the courts of this State do not have jurisdiction over the parole status of the petitioner and thus lack any authority to grant the writ of *habeas corpus*. The petitioner is under the supervision of the Probation and Parole Division of the Department of Corrections solely by reason of a compact agreement between this State and Maryland. Such compacts by Vermont with another state are authorized by 28 V.S.A. § 1301 known as the "Uniform Act for Out-of-State Parolee Supervision." Under the compact statute a probationer or parolee is permitted to leave the state where he was convicted (sending state) and reside in another state (receiving state), there to be supervised according to the same standards that prevail for its own probationers and parolees. To this extent only is the petitioner under the control of the probation division of this state. And it is only when he is discharged under the laws of Maryland and/or removed from supervision under the compact agreement, that his supervision here is terminated.

For reasons stated we do not find that the petitioner is held under parole status without due process.

*Judgment affirmed.*